# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2585
Lower Tribunal No. 2020-DR-008575-O

_____

MAYSA SHOUMAN,

Appellant,

v.

OSSAMA SALAMA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Michael Deen, Judge.

March 10, 2025

NARDELLA, J.

Maysa Shouman ("Former Wife") appeals the final judgment which dissolved her marriage to Ossama Salama ("Former Husband") and argues, among other things, that the trial court erred in calculating her need for alimony as well as her Former Husband's ability to pay. As this argument has merit, we reverse the denial of alimony but affirm as to all other grounds raised.

Section 61.08(2), Florida Statutes (2020), sets forth a two-step process for determining whether to award alimony in a divorce. In the first step, the court must

"make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance." § 61.08, Fla. Stat. The first determination—the parties' respective need for and ability to pay alimony—must be based on the parties' net incomes after deducting reasonable expenses. *Reese v. Reese*, 363 So. 3d 1202, 1211 (Fla. 6th DCA 2023); *see also Ogle v. Ogle,* 334 So. 3d 699, 702 (Fla. 1st DCA 2022) ("To determine a party's ability to pay, *net* income (after expenses), not gross, must be considered.").

Once the first step is completed, and provided the trial court finds that there is a need for alimony and an ability to pay by the other party, then the statute instructs the trial court to proceed to the second step. In the second step, the trial court is tasked with "determining the proper type and amount of alimony or maintenance" which requires consideration of "all relevant factors" including, but not limited to, those set forth in section 61.08(2)(a)–(j), Florida Statutes. Relevant to the second step, the trial court identified three factors it considered: "[t]he age and the physical and emotional condition of each party," "[t]he financial resources of each party, including the nonmarital and the marital assets and liabilities distributed to each," and "[t]he earning capacities, educational levels, vocational skills, and employability of the parties . . . ." § 61.08(2)(c), (d), (e), Fla. Stat. This alone was not error.

Rather, the trial court erred in mixing steps one and two, which led to contradictory conclusions on the determination of need. In calculating the Former Wife's need, the trial court declared that "based on the testimony and exhibits present[ed], the Wife's reasonable monthly need is $4,000 a month." That need determination was then immediately contradicted by the trial court's following conclusion that the "Wife did not meet her burden of showing a need for alimony based on her being able bodied, capable of working, and receiving a significant amount from equitable distribution." The latter conclusion conflated the separate steps of the analysis.

The first step, which requires the trial court to determine the Former Wife's need for alimony, is not the proper place for the trial court to consider the second-step factors set forth in section 61.08(2)(c), (d), and (e). That is so because being able bodied, capable of working, and receiving a large sum in equitable distribution might, in appropriate circumstances, be considered at the second step of the process in determining whether to award alimony and the amount of alimony to be awarded, but they do not affect the calculation of *need* for alimony which is based on net income and reasonable expenses. Thus, the trial court could not find that Former Wife had no *need* for alimony, when its own calculations determined she had a monthly need of $4,000.

In addition to having erred in determining need, the trial court also erred in determining ability to pay. Whether there is an ability to pay is also part of the first step and, like the need for alimony, is based on net income after reasonable expenses. *See Reese*, 363 So. 3d at 1211. Here, the trial court found that Former Husband lacked the ability to pay after concluding that he has a net monthly income of $2,980.58 but runs a deficit each month of approximately $3,800 to pay for his reasonable expenses. The problem with this finding is that although these numbers are found in Former Husband's financial affidavit, it was undisputed that the expenses the trial court deducted from his income to find the deficit are not being personally paid by Former Husband but are instead being paid by his business. In fact, a note on his own financial affidavit which was entered into evidence states, "[a]ll of the Husband's expenses are being paid through the business." Accordingly, his $2,980.58 in monthly income, from which he pays no expenses, is surplus income from which he has an ability to pay alimony.

In light of these errors made in the first step of the scheme set forth in section 61.08(2), Florida Statutes, we reverse the denial of alimony and remand to the trial court for reconsideration consistent with this opinion. Because we reverse on this point, we must also reverse the award of child support for recalculation should alimony ultimately be awarded to Former Wife. *See, e.g.*, *Storey v. Storey*, 979 So. 2d 1057, 1058 (Fla. 2d DCA 2008).

REVERSED and REMANDED.

TRAVER, C.J., and WHITE, J., concur.


Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Lake Mary, for Appellant.

Mark A. Skipper, of Law Office of Mark A. Skipper, P.A., Orlando, and Debra Johnson, of Law Office of Debra Johnson, P.A., Orlando, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

5